IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-00568-MSK-CBS

OSCAR ARMANDO BATRES GODOY,

    Petitioner,

v.

DELIA GUADALUPE TRINIDAD DE BATRES, formerly known as Delia Guadalupe Trinidad Espino,

    Respondent.

## ORDER AWARDING COSTS

**THIS MATTER** comes before the Court on the Petitioner Oscar Armando Batres Godoy's Petition for Costs under 22 U.S.C. § 9007 **(#50)**, the Respondent Delia Guadalupe Trinidad de Batres' Response **(#51)**, and the Petitioner's Reply **(#52)**.

The Petitioner filed a Petition **(#1)** pursuant to the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001, *et seq.*, which implements the Convention of the Civil Aspects of International Child Abduction, executed at the Hague on 25 Oct 1980 ("Hague Convention"). The Petitioner sought return of the parties' children to their country of habitual residence, El Salvador. After an evidentiary hearing held on August 4, 2015, and August 18, 2015, the Court granted the Petition and ordered the children be returned to El Salvador. The Petitioner now seeks an award of $3,093.05[1] in expenses necessarily incurred pursuant to 22

---

[1] The proposed award includes the following amounts: $564.50 in filing and service fees; $523.30 in translation costs; and $2,005.25 for interpreter services obtained on April 28, 2015 ($223), June 12, 2015 ($223), June 15, 2015 ($263.25), June 23, 2015 ($223), June 29, 2015 ($223), August 4, 2015 ($550), and August 18, 2015 ($300).

1

U.S.C. § 9007(b)(3). The Respondent objects to the Petitioner's request, arguing that an award of costs would be clearly inappropriate under § 9007(b)(3).

ICARA provides:

> Any court ordering return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). The statute gives the Court broad discretion in its "effort to comply with the Hague Convention consistently with our own laws and standards." *West v. Dobrev*, 735 F.3d 921, 932 (10th Cir. 2013). Under § 9007(b)(3), the Court has a duty to order the payment of necessary expenses and legal fees, subject only to the caveat denoted by the words "clearly inappropriate." Thus, the Respondent has the burden to show that an award of expenses would be "clearly inappropriate." *See Wallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004).

The Respondent asserts that an award of costs in this case would be clearly inappropriate because she does not have the financial means to pay an award of costs and that there is a disparity in financial circumstances between herself and the Petitioner. The Respondent requests that the Court either deny the Petitioner's request, or alternatively, significantly reduce the amount of fees requested.

Courts can reduce or deny an award of fees and/or costs in light of a party's inability to pay an award or due to a disparity in the parties' financial circumstances. *See, e.g, Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995); *In re Polson*, 578 F. Supp.2d 1064, 1072 (S.D. Ill. 2008); *Mendoza v. Silva*, 987 F.Supp.2d 910, 915 (N.D. Iowa 2014). However, having reviewed the record and the submissions of the parties, the Court finds that the Respondent has failed to

make an adequate showing to establish that an award of costs would be "clearly inappropriate" in this case.  The Respondent is a medical doctor.  She is currently in the United States voluntarily on an asylum request.  Although she testified that she is unable to work while her application is pending, she has provided no financial affidavit explaining her current financial condition.  If the Respondent's asylum request is granted, presumably she will be authorized to obtain employment at that time.  Alternatively, if her request is not grated, she may return to El Salvador, where she has worked as a medical doctor.  The Court therefore finds that Respondent has failed to make an adequate showing that would justify a denial of an award of costs.

Nevertheless, the Court finds that some expenses incurred by the Petitioner were not necessary.  The interpreter services obtained on April 28, 2015, June 12, 2015, June 15, 2015, June 23, 2015, and June 29, 2015, were not necessary because the Petitioner was not present on those dates.  Although the Respondent might have benefitted from the interpreter's services if she had been present, the Petitioner was under no obligation to provide her with an interpreter and there is no showing that she used the services of the interpreter.

The Court therefore will allow only the following costs as necessary expenses: filing and service fees ($564.50); translation costs ($523.30); and interpreter services obtained on August 4 and August 18, 2015 ($850.00).  Accordingly, the Petitioner's Petition for Costs under 22 U.S.C. § 9007 is **GRANTED**.  The Petitioner is awarded costs in the amount of $1,937.80.

Dated this 2nd day of February, 2016.

                                            **BY THE COURT:**

                                            */s/ Marcia S. Krieger*

                                            Marcia S. Krieger
                                            Chief United States District Judge